UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Thomas Harley**, # 162293, | ) C/A No. 3:07-1063-RBH-JRM |
| Petitioner, | ) |
| vs. | ) Report and Recommendation |
| Warden, Broad River Correctional Institution, | ) |
| Respondent. | ) |

An initial pleading which is being construed as a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 has been submitted to the Court *pro se* by a state prison inmate.[1] Petitioner is currently confined at Broad River Correctional Institution, serving a life sentence for a 1989 murder conviction in Orangeburg County, South Carolina. The fifty-four-page, handwritten *pro se* pleading that he filed in this case is captioned: "Motion for a Speeded Trial Conflict of Interest & to Present Evidence to Court, Constitutional Violation, Conflict of Interest, Due Process of the law S.C. U.S.A.." Based upon a review of the contents of the pleading which discloses allegations by Petitioner about the underlying validity of the state-court conviction on which he is currently confined and requests for this Court to consider these contentions, this "Motion" was properly construed and docketed in this case as a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C.

---

[1] Pursuant to 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See also* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

§ 2254.[2] (Entry 1).

Upon initial review of this prisoner-filed case as required under 28 U.S.C. § 1915A(a), it was determined by the undersigned magistrate judge that this case was not in proper form since Petitioner had not paid the filing fee nor had he submitted a request to proceed *in forma pauperis*. It was further determined that much of the handwriting contained in the lengthy pleading was too difficult to decipher to permit the Court to complete the required initial review process since a felt-tipped pen had been used, the writing was cramped, and court-approved forms containing relevant questions seeking clear information about prior similar actions, exhaustion of state remedies, and relief requested had not been utilized by Petitioner. Accordingly, Petitioner was directed to pay the filing fee or submit a completed Form AO 240 to request *in forma pauperis* status and to re-submit his contentions and requests for relief to the Court utilizing a Court-approved § 2254 habeas petition form. At the same time, Petitioner was directed to answer two questions (special interrogatories) seeking additional information about Petitioner's claims and attempts to exhaust remedies. (Entry 6). The time for Petitioner's compliance with the directions contained in the initial Order filed in

---

[2] Chapter 153 of Title 28 of the United States Code provides a statutory framework for federal post-conviction relief from judgments of conviction entered in federal and state courts. Under this framework, individuals convicted of crimes in state courts seek federal habeas corpus relief through 28 U.S.C. § 2254. *Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973)(when a state prisoner challenges the duration of his physical imprisonment, claiming it is unconstitutional and seeking speedier release from that imprisonment, his sole federal relief is to seek a writ of habeas corpus pursuant to § 2254). Since Petitioner does not request damages or similar relief from this Court, the "Motion" could not be construed as a complaint filed pursuant to 42 U.S.C. § 1983 or some other federal statute or diversity jurisdiction. However, even if the "Motion" were construed as a complaint, it would be subject to summary dismissal since Petitioner is asserting constitutional violations in connection with a criminal case that has not been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

this case has now expired.

Review of the Court's docket discloses that Petitioner has only partially complied with the directions; he has submitted Answers to the Court's Interrogatories. (Entry 8).  He has not paid the filing fee, and he has not submitted a completed Form AO 240 for consideration.  Petitioner has apparently declined to follow the Court's direction that he re-submit his claims in easier-to-read writing on a Court-approved form based on his present contention that his "Motion" is not intended to be a petition for writ of habeas corpus pursuant to § 2254.  *Id*., answer to interrogatory 1 (claiming his use of the term "habeas corpus" throughout the initial pleading should have been ignored by the Court because "I asked this Court to reconstrue those document for the above motion, for convenience.").[3]  Petitioner acknowledges in his Answers to the Court's Special Interrogatories that even though he has already filed one § 2254 petition in this Court directed to his 1998 murder conviction, *Harley v. Condon*, Civil Action No. 3:02-1341-TLW, *appeal dismissed*,  55 Fed.Appx. 220 (4th Cir. 2003), he did not seek permission from the Fourth Circuit Court of Appeals to file this second habeas case with this Court.  (Entry 8, answer to question 2).

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case.  The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act

---

[3]A "Motion" cannot be submitted as an initial pleading in a case.  The proper term for what Petitioner submitted is "petition," and since it alleges "newly discovered evidence," conflict of interest, and constitutional violations in connection with a state criminal conviction, it is properly considered a "petition for writ of habeas corpus pursuant to § 2254."  *See supra* note 2.  District courts are authorized to disregard a party's characterizations of the nature of any case where those characterizations are unsupported by the facts to avoid "unjust manipulation or avoidance of its jurisdiction." *Lyon v. Centimark Corp*., 805 F. Supp. 333, 334-35  (E.D. N.C. 1992).

3

of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

This Court is required to construe *pro se* petitions liberally. Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). However, even under this less stringent standard, the Petition submitted in this case is subject to summary dismissal.

Initially, the Petition filed in this case should be summarily dismissed because Petitioner did not fully comply with the directions contained in the initial Order issued in this case. In other words, although he was specifically warned in the body of the Order that non-compliance could result in dismissal of the case, Petitioner did not bring this case into proper form within the time permitted under the Order. As a result, this case should be dismissed for non-compliance. *See* Fed.R.Civ.P. 41(b)(district courts may dismiss an action if a plaintiff fails to comply with "any order of the court."); *see also Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989)(dismissal with prejudice appropriate where warning given); *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir.

1982)(court may dismiss *sua sponte*).

Moreover, if a petition is frivolous or patently absurd on its face, entry of dismissal may be made on the court's own motion without even the necessity of requiring a responsive pleading from the government. *See Raines v. United States*, 423 F.2d 526, 529 (4th Cir. 1970). Even if Petitioner had complied with the Order or if his non-compliance were excused for some reason, this case would still be subject to summary dismissal because the Petition is successive and it was filed without the required permission from the Court of Appeals despite Petitioner's assertion of "newly discovered evidence."[4]

On April 24, 1996, the President of the United States signed into law the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) which, in part, amended Chapter 153. The AEDPA effected a number of substantial changes regarding the availability of federal post-conviction relief to individuals convicted of crimes in federal and state courts. Of particular importance here are the provisions of the AEDPA codifying and extending judicially constructed limits on the consideration of second and successive applications for collateral relief. *See Felker v. Turpin*, 518 U.S. 651, 657 (1996). Under the AEDPA, an individual may not file a second or successive § 2254 petition for a writ of habeas corpus (or the equivalent thereof as here) or a second or successive § 2255 motion

---

[4] Petitioner may be able to present a claim for the first time in a successive habeas petition where the claim is based on newly discovered evidence where the Petitioner can make a prima facie showing of both cause and prejudice within the meaning of § 2244(b)(2)(B)(i) and § 2244(b)(2)(B)(ii). *See Evans v. Smith*, 220 F.3d 306, 323 (4th Cir. 2000). However, Petitioner must first present his allegedly new evidence to the Fourth Circuit to obtain permission from them to file the petition in the District Court. Petitioner is advised that "[t]he grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari." § 2244(b)(3)(E).

to vacate sentence (if a federal convict) without first receiving permission to do so from the appropriate circuit court of appeals. *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1977). The "gatekeeping" mechanism created by the AEDPA added § 2244(3) to provide:

> The prospective applicant must file in the court of appeals a motion for leave to file a second or successive habeas application in the district court. § 2244(b)(3)(A). A three-judge panel has 30 days to determine whether the application makes a prima facie showing that the application satisfies the requirements of § 2244(b). § 2244(b)(3)(C); see § 2244(b)(3)(B), (D).

*Felker*, 518 U.S. at 657.

A review of this Court's records reveals Petitioner's procedural history in this Court,[5] and, as previously stated, shows that Petitioner has already filed one petition for writ of habeas corpus based on his 1989 conviction and sentence in May 2002. That petition was dismissed with prejudice in October 2002 because the statute of limitations had run prior to its filing. See *Harley v. Condon*, Civil Action No. 3:02-1341-TLW (Entries 15, 16). Petitioner appealed the dismissal, but the appeal was dismissed by the Fourth Circuit on February 5, 2003. *Harley v. Condon*, 55 Fed.Appx. 220 (4th Cir. 2003). Further, also as previously stated, Petitioner admits in his Answers to the Court's Special Interrogatories (Entry 8) that he did not seek permission from the Fourth Circuit Court of Appeals to file this habeas case. Because Petitioner did not obtain authorization from the Fourth Circuit Court of Appeals to file his second, successive Petition this Court does not have jurisdiction to consider it, and it is subject to summary dismissal without service on the Respondents even if Petitioner's non-compliance with the initial Order were excused. *See Romandine v. U. S.*, 206 F.3d

---

[5] The Court may take judicial notice of proceedings had before it in a prior suit with the same parties. *See Mann v. Peoples First Nat. Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954); *see also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989)("[t]he most frequent use of judicial notice of ascertainable facts is in noticing the content of court records.").

731, 734 (7th Cir. 2000); *U.S. v. Key*, 205 F.3d 773, 774 (5th Cir. 2000); *Hernandez v. Campbell*, 204 F.3d 861, 866 (9th Cir. 2000); *U. S. v. Barrett*, 178 F.3d 34, 41 (1st Cir. 1999); *Lopez v. Douglas*, 141 F.3d 974, 975-76 (10th Cir. 1998); *Williams v. Hopkins*, 130 F.3d 333, 336 (8th Cir. 1997); *Hill v. Hopper*, 112 F.3d 1088, 1089 (11th Cir. 1997).

## **RECOMMENDATION**

Accordingly, it is recommended that the Petition for a Writ of Habeas Corpus in this case be dismissed *without prejudice* and without issuance and service of process upon Respondent. *See Toney v. Gammon*, 79 F.3d 693, 697 (8th Cir. 1996) (a petition may be summarily dismissed if the record clearly indicates that petitioner's claims are either barred from review or without merit); *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return). *Cf*. the Anti-Terrorism and Effective Death Penalty Act of 1996. Petitioner's attention is directed to the important notice on the next page.

                                                  Respectfully submitted,

                                                  s/Joseph R. McCrorey
                                                  United States Magistrate Judge

May 30, 2007
Columbia, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).